IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Teresa L. Belk,                                )
                                               )
                        Plaintiff,             )        C/A No. 4:14-4491-TMC
                                               )
        v.                                     )        **ORDER**
                                               )
Carolyn W. Colvin, Acting Commissioner         )
of Social Security,                            )
                                               )
                        Defendant.             )


Plaintiff Teresa L. Belk filed a motion for attorney's fees pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the

position taken by the Commissioner in this action was not substantially justified.  (ECF No. 30).  On

April 7, 2016, the parties filed a joint stipulation for an award of $3,700.00 in attorney's fees

pursuant to the EAJA, plus $7.00 in costs and $23.00 in expenses.  (ECF No. 31).

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil

actions against the United States, unless it finds that the government's position was substantially

justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district

courts have discretion to determine a reasonable fee award and whether that award should be made

in excess of the statutory cap.  *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d

176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining

the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters

that the district court can recognize and discount."  *Hyatt v. North Carolina Dep't of Human Res.*,

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. §
405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302
(1993).  The remand in this case was made pursuant to sentence four.

315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)).  Additionally,

the court should not only consider the "position taken by the United States in the civil action," but

also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. §

2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

The parties have entered into a joint stipulation for the payment of attorneys' fees in the

amount of $3,700.00, plus $7.00 in costs and $23.00 in expenses.  (ECF No. 31 at 1).  Despite this

stipulation, the court is obligated under the EAJA to determine if the fee is proper. *See Design &*

*Prod., Inc. v. United States*, 21 Cl.Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's

responsibility to independently assess the appropriateness and measure of attorney's fees to be

awarded in a particular case, whether or not an amount is offered as representing the agreement of

the parties in the form of a proposed stipulation.").  Applying the above standard to the facts of this

case, the court concludes that the Commissioner's position was not substantially justified.

Furthermore, after a thorough review of the record, the court finds the stipulated fee request is

appropriate.  Accordingly, the court orders that Plaintiff be awarded $3,700.00 in attorney fees,

$7.00 in costs,[2] and $23.00 in expenses.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina.
April 18, 2016

---

[2] Costs are paid from the Judgment Fund, rather than from Agency Funds.  *See* 28 U.S.C. § 2412(c)(1), 2414.

[3] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).